DAVID H. BECKER (OSB # 081507)
Law Office of David H. Becker, LLC
833 SE Main Street # 302
Portland, OR 97205
(503) 388-9160
davebeckerlaw@gmail.com

Attorney for Plaintiff Native Fish Society

PETER M.K. FROST (OSB # 91184)
Western Environmental Law Center
1216 Lincoln Street
Eugene, OR 97401
Tel: (541) 359-3238
Fax: (541) 485-2457
frost@westernlaw.org

Attorney for Plaintiff McKenzie Flyfishers

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NATIVE FISH SOCIETY**, **MCKENZIE FLYFISHERS**, | Case No.: 3:12-cv-431-HA |
| Plaintiffs, | **PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR ATTORNEY'S FEES & COSTS PURSUANT TO FED. R. CIV. P. 54 AND LR 54-3** |
| v. | |
| **NATIONAL MARINE FISHERIES SERVICE**, **PENNY PRITZKER**, Secretary of Commerce, **WILLIAM STELLE**, Regional Administrator, NMFS, **OREGON DEPARTMENT OF FISH & WILDLIFE**, **ROY ELICKER**, Director, ODFW, **BRUCE McINTOSH**, Acting Northwest Region Manager, ODFW, **ED BOWLES**, Fish Division Administrator, ODFW, | **EXPEDITED CONSIDERATION AND DECISION REQUESTED** |
| Defendants. | |

Plaintiffs Native Fish Society and McKenzie Flyfishers (collectively "NFS") respectfully request that the Court grant an extension, until October 3, 2014, for NFS to file a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54-3 in this matter. Pursuant to LR 7-1, counsel for federal defendants has indicated that they do not oppose an extension but have asked that the extension be until after any appellate issues are resolved, and counsel for state defendants has indicated that they do not oppose NFS's requested extension of time.

Under Rule 54(d), a motion for costs and fees is due within 14 days of the entry of judgment, which in this case occurred on September 2, 2014. NFS sent a letter to counsel for defendants on September 10, 2014, documenting in detail the attorney fees and costs incurred in this case and proposing a settlement. NFS requested responses from the federal and state defendants by September 19, 2014.

Counsel for federal defendants has indicated that federal defendants intend to file a notice of appeal, and also that federal defendants will prepare a counter-offer to NFS's settlement proposal, but that it is unlikely to be returned by the date NFS requested. Federal defendants have requested that NFS defer filing its fee motion until after any appeal is resolved. Counsel for state defendants has indicated they also will prepare a counter-offer.

NFS is cognizant that a substantial number of appeals filed by federal defendants in environmental cases are "protective appeals" that result in voluntary dismissals without any briefing. Judicial resources, and the resources of the parties, will be conserved in this case either by a negotiated settlement or by a decision on the issue of attorney fees and costs by the judge most familiar with the case, even if that award later might need to be adjusted if federal defendants actually prosecute their appeal and are successful. The Supreme Court has stressed

that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). For this reason, this Court imposes significant limits on the length of the briefs when parties move for fees. LR 54-3. The Court is aware also that the Ninth Circuit has endorsed the award of interim fees under the Endangered Species Act (ESA) which provides the basis for an award of fees pursuant to a Rule 54(d) motion. If no settlement is reached, NFS would likely move for fees and costs under both the ESA and under the Equal Access to Justice Act.

Given the time by which the Court intends to resolve any motion for fees, the other parties would be able to add an appeal of the fee award to any appellate proceedings on the merits, again enhancing judicial efficiency. Parties which dispute the taxation of costs under Rule 54(d) after an appeal on the merits is filed routinely file an amended notice of appeal to challenge the cost award. There is no reason for indefinitely delaying the adjudication of the fee motion if the parties are unable to settle, as contemplated by the Court in its September 2, 2014 Order (Dkt # 300).

NFS respectfully requests that the Court extend the time for filing a Rule 54(d) motion until October 3, 2014 to allow NFS and defendants to attempt to settle the fees issue, but that the Court permit NFS to proceed with briefing on a motion for attorney fees and costs if settlement is not possible. A motion by NFS filed on October 3, 2014 would allow briefing on the following schedule:

October 3, 2014:     NFS files its motion for attorney fees and costs.

October 20, 2014:    Objections or responses due.

November 3, 2014:    NFS files its reply.

This would allow for completion of briefing by the deadline set in the Court's September 2, 2014

Order.

Therefore, NFS respectfully requests that this Court grant this motion and extend the deadline for filing a motion for fees and costs under Rule 54(d) and LR 54-3 until October 3, 2014.

DATED this 11th day of September 2014      Respectfully submitted,

                                                               s/ David H. Becker
                                                                David H. Becker (OSB # 081507)
                                                                Law Office of David H. Becker, LLC

                                                                Attorney for Plaintiff Native Fish Society